UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

AUGUST WALTER                             CIVIL ACTION NO. 12-177 J/2

V

BP AMERICA, INC.                          JUDGE CARL BARBIER

                                          MAJ. JUDGE JOSEPH WILKINSON

[Formerly member case in
IN RE OIL SPILL BY THE OIL RIG
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO ON APRIL 20, 2010]

_____

**PETITIONER'S FIRST SUPPLEMENTAL AND AMENDING PETITION
WITHIN AMENDMENT DEADLINE**

    NOW COMES PETITIONER, through undersigned counsel, and Supplements and Amends his Original Petition, within the deadline to amend set by the Court, as follows:

    Petitioner reiterates and re-alleges all allegations of his original petition as though set forth in extenso;

**JURISDICTION**

1. This Court has jurisdiction of his action under diversity, 28 U.S.C. 1332, and this Court's pendent, ancillary and supplemental jurisdiction.

**VENUE**

2. Venue is proper in this District pursuant to 28 U.S.C. 1391 as defendant is authorized to do and doing business in this district and some of the violations were committed in this district. Venue is also proper under Louisiana R. S.

30:2027B(1).

## CAUSES OF ACTION

3.  Petitioner brings this action under The Louisiana Environmental Whistleblower Statute, LA R.S. 30:2027, et seq., for declaratory, injunctive and equitable relief, compensatory, punitive, nominal and exemplary damages, treble damages, attorney's fees and costs.

4.  Petitioner brings this action under Louisiana Civil Code 2315, et seq., for the following intentional acts and intentional violations:

    a.  intentional infliction of emotional distress in the form of injuring Petitioner's reputation among those companies that would, but for defendant's libel and slander, would employ Petitioner in his field;

    b.  intentional infliction of emotional distress in the form of bogus investigations for false charges as retaliation for Petitioner's refusal to falsify reports and compromise his role in the BP clean up effort along the Gulf of Mexico and inland;

    c.  libel and slander in the form of false accusations, reports and references to bogus claims of misconduct and incompetence, and claims of "unfaithfulness", to Petitioner's prospective employers

5.  Petitioner brings this action under Louisiana Civil Code 153, et seq., for the following intentional acts and intentional violations:

    a.    intentional fraud and misrepresentation when defendants intentionally misrepresented their motives in asking Petitioner to return to work.

## SUPPLEMENT TO ALLEGATIONS OF FACT

6. Defendant is a firm, business, private or public corporation, partnership, and/or individual employer as described in Louisina R.S. 30:2027.

7. Petitioner, while and employee of BP, disclosed and threatened to disclose to supervisors of BP, the U. S. Coast Guard, the Department of Justice practices of defendant BP that were, in fact, and were believed to be violations of environmental law, rules and regulations.

8. Petitioner, while an employee of BP, provided information to the U. S. Coast Guard and the Department of Justice re BP's refusal to follow proper clean up protocol, violations of environmental law, rules and regulations in the clean up after the Horizon oil spill.

9. As a result of these disclosures, defendant BP took "action" against Petitioner as described under Louisiana R. S. 30:2027(2)(a).

10. Petitioner has commited no violations of any kind, has commited no disciplinary infractions of any kind, and has commited no acts, omissions or violations of any kind as contemplated by Louisiana R. S. 30:2027C.

11. As a result of Petitioner's protected activity, BP launched bogus investigations for bogus charges, designed to create a bogus defense to Petitioner's whistleblowing

charges.

12. The report of one bogus investigation concluded on 6/27/2011, stated:

**Evidence Analysis**

**Summary Statement:**
Based on the evidence and interviews it has become clear that some of the interviewed parties may not have provided truthful statements; and it is a possibility that there may be malicious intent in the raising of the allegations. There are direct contradictions between the interviews on whether the inappropriate statements were made by August Walter. It is confirmed that August's behaviours are not in line with those expected with BP leadership. It is also clear that there is an opportunity for leadership development in the MS state office particularly with August. However, due to the lack of concrete evidence, this investigation does not prove a clear violation of the Code of Conduct. It is also fairly clear that Derwin Henley did discuss with his team when notified of inappropriate behaviors.

13. On July 5, 2011, the report was changed after a meeting with BP's HR director

    Carla Fontenot:

    **Evidence Analysis**

    **Summary Statement:**
    Based on the evidence and interviews it is found that August's behaviors are a violation of he Code of Conduct and are not in line with those expected with BP leadership. The specific section of the code violated is as follows: "You should never engage in behavior that could be characterized as offensive, intimidating, malicious or insulting." The specific comment "sit down and shut the fuck up" alleged comment from August Walter cannot be completely substantiated, but through the course of several interviews it can be concluded that his behavior is in violation of the Code.

14. The behavior expected by BP leadership was the falsification of clean up reports,

    the falsification and compromise of standards, and hiding the depth of the damage

    done by the BP spill.

15. The allegations of misconduct in these and other reports are completely false, maliciouis, libelous and intended to do Petitioner great emotional, financial and mental harm.

**Amendment of Paragaph 33 of original complaint:**

33. November 8, 2011, (not 2009)

### COUNT I

16. Petitioner reiterates and realleges all factual allegations as though set forth in extenso;

17. By committing the acts and ommissions complained of, defendants have violated Petitioner's rights and caused Petitioner damage under and as contemplated by The Louisiana Environmental Whistleblower Statute, LA R.S. 30:2027, et seq.,

18. For these acts and omissions, defendants are liable to Petitioner for declaratory, injunctive and equitable relief, compensatory, punitive, nominal and exemplary damages, treble damages, attorney's fees and costs.

### COUNT II

19. Petitioner reiterates and realleges all factual allegations as though set forth in extenso;

20. By committing the acts and ommissions complained of, defendants have violated Petitioner's rights and caused Petitioner damage under and as contemplated by Louisiana Civil Code Article 2315, et seq.

21. For these acts and omissions, defendants are liable to Petitioner for declaratory, injunctive and equitable relief, compensatory, punitive, nominal and exemplary damages, treble damages, attorney's fees and costs for, among other things,

   a. intentional infliction of emotional distress in the form of injuring Petitioner's reputation among those companies that would, but for defendant's libel and slander, would employ Petitioner in his field;

   b. intentional infliction of emotional distress in the form of bogus investigations for false charges as retaliation for Petitioner's refusal to falsify reports and compromise his role in the BP clean up effort along the Gulf of Mexico and inland;

   c. libel and slander in the form of false accusations, reports and references to bogus claims of misconduct and incompetence, and claims of "unfaithfulness", to Petitioner's prospective employers

   and other acts and omissions to be proven at trial

## COUNT III

22. Petitioner reiterates and realleges all factual allegations as though set forth in extenso;

23. By committing the acts and ommissions complained of, defendants have violated Petitioner's rights and caused Petitioner damage under and as contemplated by La. Civil Code Article 153.

24. For these acts and omissions, defendants are liable to Petitioner for declaratory, injunctive and equitable relief, compensatory, punitive, nominal and exemplary damages, treble damages, attorney's fees and costs.

WHEREFORE, Petitioner prays that this First Supplemental and Amending Petition be filed and served on defendant(s) and, after due proceedings, for judgment as originally prayed and for declaratory, injunctive and equitable relief, compensatory, punitive, nominal and exemplary damages, treble damages, attorney's fees and costs, and all other legal and equitable relief that this Court deems necessary and proper.

    Respectfully Submitted:

    _s/_John-Michael Lawrence_____
    John-Michael Lawrence (8143)
    John-Michael Lawrence, LLC
    Energy Center - Suite 2900 - PMB 204
    1100 Poydras Street
    New Orleans, La. 70163-2900
    (504) 585-7797 tel
    (225) 744-8748 fax
    E-MAIL - JMLaw122@cox.net

    Mail:  18072 Forest Hills Dr.
           Prairieville, LA 70769