UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUGUST WALTER | CIVIL ACTION |
| VERSUS | NO. 12-177 |
| BP AMERICA, INC. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**ORDER ON MOTION**

APPEARANCES:   None (on the briefs)

MOTION:   BP America Inc.'s Motion for More Definite Statement, Record Doc. No. 23

O R D E R E D:

 XXX : DENIED. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight (8) days before the noticed submission date. No memorandum in opposition to defendant's Motion for More Definite Statement, Record Doc. No. 23, submitted for decision on February 27, 2013 without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed.  However, the motion is nevertheless denied for the following reasons.

First Fed. R. Civ. P. 12(e) permits the court to order plaintiff to file a more definite statement of his claims if the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."  Plaintiff's amendment, Record Doc. No. 22, is not such a pleading. The record is clear that defendant has in fact been able to prepare a response, in the form of an answer including clear, unqualified denials of the allegations of fraud.[1] Record Doc. No. 24.

Second, Fed. R. Civ. P. 9(b), the basis of defendant's motion, provides that a party alleging fraud "must state with particularity the circumstances constituting fraud . . ." In the Fifth Circuit, "We apply Rule 9(b) to fraud complaints with 'bite' and 'without apology,' but also aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud, . . . Courts have

---

[1] I note that the Amended Complaint twice erroneously cites La. Civ. Code art. "153" as the basis for plaintiff's fraud claims. This obviously was a typographical error; the correct Code reference is to La. Civ. Code art. 1953.

attempted to clarify Rule 9(b) by articulating workable constructions. The frequently stated, judicially-created standard for a sufficient fraud complaint, . . . instructs a plaintiff to plead 'the time, place and contents of the false representation[], as well as the identity of the person making the misrepresentation and what that person obtained thereby.'" United States ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 185-86 (5th Cir. 2009) (emphasis added) (citations omitted).

The amended complaint appears to satisfy these minimal pleading requirements by providing the date and contents of two reports, ¶'s 12-13; identifying Carla Fontenot as a responsible person, ¶ 13; and otherwise alleging what defendant hoped to obtain through its alleged actions, ¶ 14.

Under these circumstances, no more definite statement appears necessary for Rule 9 purposes.

New Orleans, Louisiana, this  27th  day of February, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE